Filed 6/3/25  P. v. Burnell CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOE BABY BURNELL,<br><br>    Defendant and Appellant. | G064463<br><br>(Super. Ct. No. 02WF1367)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Dismissed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joe Baby Burnell appeals the denial of his postjudgment motion for relief under the California Racial Justice Act of 2020 (RJA; Pen. Code § 745).[1] His court-appointed counsel filed a no-issue brief, asking this court to conduct an independent review of the record. Having examined the record independently, we conclude the trial court lacked jurisdiction to entertain Burnell's motion, meaning its order was nonappealable. We therefore dismiss the appeal.

FACTS

A jury found Burnell guilty of attempted murder and other offenses in 2003. The trial court sentenced him to a total of 91 years to life in prison.

Burnell recently filed a motion captioned, "Motion to Correct Sentence Imposed in Violation of Racial Justice Act Penal Code § 745(a)(4)." He contended his sentence was imposed in violation of the RJA because the charges were more onerous and the sentence higher than those imposed on defendants of other races. The trial court denied the motion, concluding that Burnell was required to raise his RJA claims through a petition for writ of habeas corpus, rather than by motion.

After Burnell filed a notice of appeal, this court appointed counsel to represent him. Appellate counsel filed a brief advising that she found no arguable issues and asked us to review the record independently. Counsel asserted that the procedures of *People v. Wende* (1979) 25 Cal.3d 436 govern this case, but those procedures generally "do not apply to an appeal from the denial of postconviction relief." (*People v. Delgadillo* (2022) 14 Cal.5th 216,

---

[1] Undesignated statutory references are to the Penal Code.

2

226.) Burnell has filed a supplemental brief addressing the merits of his RJA claims.

DISCUSSION

"The [RJA] precludes the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin. It provides remedies upon proof of a violation for defendants in ongoing criminal prosecutions, and also for convicted defendants whose convictions are already final if they are eligible to seek relief under the application provision of the statute. (§ 745, subds. (e) & (j).)" (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999 (*Hodge*).)

An incarcerated defendant whose judgment is already final, like Burnell, may bring an RJA claim only in a petition for writ of habeas corpus under section 1473. (§ 745, subd. (j)(2)–(5); *Hodge, supra*, 107 Cal.App.5th at p. 1000.) The trial court therefore lacked jurisdiction to entertain Burnell's freestanding motion under the RJA, and the court's order denying that motion was nonappealable. (*Hodge*, at p. 1000; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) Had Burnell filed a habeas petition, the court's denial of that petition would also have been nonappealable: he would have been required to seek review by filing a subsequent habeas petition in a reviewing court. (*Hodge,* at p. 1000, fn. 5.) Having examined the record independently, we see no nonfrivolous argument that the court's order was appealable.

DISPOSITION

The appeal is dismissed.


                                           SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.